DOWD, District Judge,
dissenting.
I respectfully dissent. In my view, the immediate subsequent windfall sale generating an additional 1.1 million dollars for the bankrupt, an increase of 15.7% over the failed transaction, would, under prevailing New Jersey case law precedent, require a judicial result contrary to the majority opinion.
In MetLife Capital Financial Corp. v. Washington Ave. Associates, L.P., 159 N.J. 484, 732 A.2d 493 (1999), the New Jersey Supreme Court succinctly summarized the state of the law in New Jersey with respect to the enforcement of stipulated damages provisions as it stated in part as follows:
Historically, courts have closely scrutinized contract provisions that provided for the payment of specific damages upon breach. The need for close scrutiny arises from the possibility that stipulated damages clauses may constitute an oppressive penalty. Enforceable stipulated damages clauses are referred to as “liquidated damages,” while unenforceable provisions are labeled “penalties.”
Id. at 498 (citations omitted).
The MetLife court was considering whether a five percent late fee for payments on a mortgage represented reasonable liquidated damages. In the process, it cited Wasserman’s Inc. v. Middletown, 137 N.J. 238, 249-54, 645 A.2d 100 (1994), which addressed the proper method for evaluating stipulated damages clauses, and then it stated:
Applying the principle that “[t]he overall single test of validity is whether the [stipulated damage] clause is reasonable under the totality of the circumstances,” we address the validity of the five percent late fee included in this contract. Wassenaar v. Panos, 111 Wis.2d 518, 331 N.W.2d 357, 361 (1983). We find that under that “reasonableness” test, the five percent late fee is a valid measure of liquidated damages.
MetLife, 732 A.2d at 499.
Clearly, under prevailing New Jersey law, the issue is the reasonableness of the enforcement of the stipulated damages clause under the totality of the circumstances. Those circumstances include the windfall to the bankrupt of 1.1 million dollars in the subsequent sale against a stipulated damages clause calling for the payment of $250,000 in the event of a breach. Applying the test of reasonableness under the totality of the circumstances, it is my view that the New Jersey Supreme Court would, as a matter of law, declare that the forfeiture of the $250,000 constituted a penalty and was unenforceable.
I would reverse and direct that final judgment be entered for the appellant Jeffrey A. Vanderbeek, requiring the return of the $250,000 payment.[12]

. The fact that the appellee incurred legal costs in defending the forfeiture of the *217 $250,000 is not relevant. In my view, counsel for Brian Barefoot should have reached the same conclusion and agreed to the repayment of the $250,000 to the appellant.